UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST T. WOODRUFF,<br><br>        Plaintiff,<br><br>   v.<br><br>ELERS, *et al.*,<br><br>        Defendants. | Case No. 2:23-cv-00365-JDP (PC)<br><br>ORDER |

Plaintiff, an inmate at the Los Angeles County Men's Jail, alleges that various defendants at California State Prison Sacramento impeded his right of access to the courts. ECF No. 1. His allegations against defendants Elers, Williams, and Peluso are suitable to proceed. Plaintiff may either proceed only with these claims or he may delay serving any defendant and file another amended complaint. I will grant his application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that between July 20 and July 25, 2022, he gave several pieces of legal mail to officers Elers, Williams, and Peluso. ECF No. 1 at 8-9. Plaintiff later learned from another inmate that his mail had been discarded. *Id.* When he confronted Elers about the mail, the officer allegedly fabricated a rules violation report against plaintiff. *Id.* at 10. These allegations are sufficient to state First Amendment access to court claims against defendants Elers, Williams, and Peluso. Also mentioned in the complaint are various unnamed "Doe" defendants who plaintiff alleges acted in concert with the named defendants. *Id.* at 12. The complaint is vague as to how these defendants were involved, if at all, in the destruction of plaintiff's mail. Unlike the named defendants, the Doe defendants are not alleged to have been the initial recipients of plaintiff's mail. Plaintiff does allege that some of them denied, delayed,

and withheld his administrative appeals, *id.* at 11, but that alone does not give rise to a constitutional violation. *See Ramirez v. Galaza*, 334 F.3d 850, 852 (9th Cir. 2003). Elsewhere, plaintiff alleges that another named defendant, Doeb, was charged with overseeing his disciplinary hearing and dismissed the charges against him. ECF No. 1 at 10. I cannot tell if Doeb is alleged to have violated plaintiff's rights in any way.

Plaintiff may either proceed only with the cognizable claim against defendants Elers, Williams, and Peluso identified above or he may delay service and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. See E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff must either advise that he wishes to proceed only with his First Amendment access to courts claims against defendants Elers, Williams, and Peluso or delay service and file an amended complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 23, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE